IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

NOLON SMITH,

   Petitioner,

vs.

JOSE VASQUEZ, Warden,

   Respondent.

CIVIL ACTION NO.: CV205-094

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Nolan Smith ("Smith"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C.A. § 2241. Respondent has filed a Response. For the reasons which follow, Smith's petition should be **DENIED**.

## STATEMENT OF THE CASE

The United States Marshals Service obtained physical custody of Smith from state authorities pursuant to a writ of habeas corpus ad prosequendum on August 1, 2001. Smith was detained at the Chatham County Jail as a Marshals Service prisoner on the federal writ until his sentencing in this District before the Honorable B. Avant Edenfield on January 9, 2002. Judge Edenfield sentenced Smith to 105 months' imprisonment for possession with intent to distribute crack cocaine. On this same date, Smith was released from the writ and returned to state custody. (Resp., p. 5.)

Smith was sentenced in Chatham County, Georgia, based on a charge of possession of cocaine on November 1, 2001. (Resp't's Ex. 7.) On September 19, 2003,

AO 72A
(Rev. 8/82)

Smith was released on parole by state authorities to begin service of his federal sentence. (See id.) The Bureau of Prisons ("BOP") began Smith's federal sentence computation on this date. When Smith's sentence computation was performed, the BOP discovered that he had not been credited with time against his state sentence for the period he was in state custody before he was sentenced on the state charge. Thus, Smith was credited with this time, from March 22 until October 31, 2001, against his federal sentence. (Resp., p. 6; Resp't's Ex. 6, p. 2.)

In the instant petition, Smith asserts that he is entitled to credit against his federal sentence for the time he served in state custody. Smith contends that during his time in the state system, a federal detainer was placed against him. Smith also contends that if he had not been in the state's custody, he would have been in the BOP's custody with an enhanced sentence. Smith alleges that he is entitled to credit against his federal sentence from November 1, 2001, until September 19, 2003.

Respondent alleges that Smith is not entitled to credit against his federal sentence for the period from November 1, 2001, through September 19, 2003, which is the time during which his state sentence ran. Respondent asserts that Smith's sentence computation is governed by Program Statement 5880.28 of the Sentence Computation Manual, which implements the Congressional mandate of 18 U.S.C.A. § 3585(b). (Resp., p. 7.) Respondent contends that awarding Smith credit against his federal sentence for this time period would amount to "double credit." (Id. at 9.)

## DISCUSSION AND CITATION

It is the duty of the United States Attorney General, acting through the BOP, to determine the amount of credit due for the time served by a defendant prior to sentencing.

2

18 U.S.C.A. § 3621; United States v. Wilson, 503 U.S. 329, 335, 112 S. Ct. 1351, 1355, 117 L. Ed.2d 593 (1992). Program Statement ("P.S.") 5880.28 "transmits the 'Sentence Computation Manual' which establishes the policies and procedures for the computation of sentences imposed for violations of the United States Code." P.S. 5880.28, ¶ 1. This Program Statement provides that 18 U.S.C.A. § 3585(a) establishes the rule for the commencement of a sentence. It also provides that 18 U.S.C.A. § 3585(b), which deals with "credit for prior custody," is controlling for making credit determinations for sentences imposed under the Sentencing Reform Act. P.S. 5880.28, p. 1-14. These statutes provide:

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit of Prior Custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C.A. § 3585 (Emphasis added). In determining the proper credit, a two part analysis is helpful. First, it must be determined when the sentence commenced. A sentence "cannot begin prior to the date it is pronounced, even if made concurrent with a sentence already being served." United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980); see also, P. S. 5880.28, p. 1-13 (stating that a federal sentence of imprisonment

3

cannot commence earlier than the date on which it is imposed). In the instant case, Smith's federal sentence for possession with intent to distribute crack cocaine commenced on September 19, 2003, the date he was released from state custody and came under the BOP's custody. See 28 U.S.C.A. § 3585(a). Next, it must be determined what credit is due for time served prior to the commencement of his federal sentence.

The court must begin with the plain language of the statute itself. See Harris v. Garner, 216 F.3d 970, 972 (11th Cir. 2000) (en banc) ("We begin our construction of [a statutory provision] where courts should always begin the process of legislative interpretation, and where they often should end it as well, which is with the words of the statutory provision."); United States v. Steele, 147 F.3d 1316, 1318 (11th Cir. 1998). Section 3585(b) clearly states that, in some circumstances, a defendant is entitled to credit for time served prior to sentence commencement *unless* that time has been credited against another sentence. The period of credit that Smith is currently seeking was credited against his state sentence. (See Resp't's Ex. 3, pp. 2 and 5.) If Smith were also credited these days against his federal sentence, this would amount to a "double credit."

Smith was on a federal writ at the time he was sentenced on his state charge on November 1, 2001; he was in state custody prior to the execution of that writ. (Resp., p. 5. Resp't's Ex. 4.) Smith received credit against his state sentence for his time spent in state custody except for the time between March 22 until October 31, 2001 (he was in state custody before he was sentenced on the state charge on November 1, 2001). (Resp't's Ex. 6, p. 2.) Because Smith was not credited with this time against his state sentence, the BOP credited this time against his federal sentence. The period between March 22 and October 31, 2001, was the only time Smith spent in state custody which initially was not

4

credited against either his state or federal sentence.  However, the BOP credited this time against his federal sentence once that sentence commenced.  Smith is not entitled to receive any additional credit against his federal sentence, for so doing would result in "double credit." See 18 U.S.C.A. § 3585(b).

## CONCLUSION

Accordingly, it is my **RECOMMENDATION** that Smith's petition for writ of habeas corpus, filed pursuant to 28 U.S.C.A. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 25th day of October, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)